### THE PEOPLE *vs.* SAMUEL VINEGAR.

The principles by which a jury are to be governed, on an indictment for an assault and battery with intent to commit murder, are the same as on an indictment for murder.

Where the prisoner was the aggressor, and commenced the attack and made use of such weapons, &c., as were calculated to endanger life, it was held that malice would be inferred, and that the fact that the prisoner was in the heat of passion, would not mitigate the offence into a lesser crime.

The prisoner was indicted for assault and battery upon Richard Van Der Carr, with intent to murder him.

The prisoner and Van Der Carr were at work in a store in Waterford, carrying out wheat which Samuel Sillman was measuring up. Van Der Carr, without being in anger, was calling the prisoner by bad names and endeavoring to irritate him; and the prisoner had once or twice clinched him, but they had been parted by the person who was measuring the grain. The prisoner had become very angry; and after they had been parted the last time, as Van Der Carr turned to go from him, the prisoner seized a nail hammer which lay near him, and running up behind him struck him with it on the

(*a*) Rex vs. Gibson et al, 1 Leach, 357 ; Archbold, 166.

The People *v.* Vinegar.

back of his head and knocked him down; and he gave him a second stroke before Sillman, the other person present, discovered him. Sillman then attempted to get the hammer from him, but the prisoner struck him and drove him back, and gave to Van Der Carr a third stroke; and he was in the act of repeating it when his arm was arrested by another person who came to their assistance. A surgeon, who examined the wounds, testified that each blow of the hammer had broken through Van Der Carr's skull; and that the ordinary effect of such blows would be to destroy life.

*G. W. Kirtland,* for the prisoner, contended that he was not guilty of assault and battery with intent to murder, as it was in the heat of passion.

WALWORTH, *Circuit Judge,* charged the jury that the principles by which their decision was to be governed, were the same as on an indictment for murder. But it was not every case of taking life in a sudden affray, or in the heat of passion, which could be mitigated into manslaughter. Malice might be, and frequently was inferred from the particular circumstances of the case; as where the prisoner commenced the attack and made use of such weapons as would be likely to endanger life. In this case, if the prisoner intended to take the life of Van Der Carr, he was guilty of the offence charged in the indictment, and would have been guilty of murder if he had succeeded.

Verdict, guilty.